JAMES F. McKAY III, Judge.
hThe defendant, Machevia Horton, appeals her. eviction from the River Garden Apartments.[1] We affirm.
*398 FACTS AND PROCEDURAL HISTORY
After Hurricane Katrina, while the city of New Orleans was still under a mandatory evacuation order, the management of the River Garden Apartments conducted a damage assessment of the complex and checked for any tenants still remaining in tbe apartments in violation of the mandatory evacuation order. In the process of this inspection, Ronald Batiste, River Garden’s damage inspector, along with local and federal law enforcement officials, discovered merchandise that appeared to be looted from a nearby Wal-Mart store in Ms. Horton’s apartment. At the time of the inspection, the apartment was secure and no one was present.
On January 23, 2006, the management of River Garden Apartments issued a “Notice to Vacate” to Ms. Horton. A rule for possession was filed in the First City Court for the City of New Orleans on February 9, 2006. On February 21, 2006, | ;,Ms. Horton filed an opposition and an exception of no cause of action. The trial court denied the exception and the matter came on for hearing on February 21, 2006. The trial court granted the eviction and it is from this judgment that Ms. Horton now appeals.
DISCUSSION
The issue before this Court is whether the trial court erred in granting River Garden’s rule for possession.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). The court has announced a two-part test for the reversal of a factfinder’s determinations: 1) The appellate court must find from the-record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Id. See also Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. See generally Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 |3(La.1991). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the instant case, the trial court found that criminal activity had occurred at Ms. Horton’s residence and this criminal activity had been committed by someone under the control of Ms. Horton. Ronald Batiste and New Orleans Police Officers Robert Norris and Terry Wilson all testified that merchandise looted from a nearby Wal-Mart was found in Ms. Horton’s apartment and the apartment was secure at the time they inspected it.
The lease signed by Ms. Horton contained the following provision in Section 18(b):
*399 In addition to reasons for termination listed above, HRIP may terminate the Lease for the following:
(1) One and only one act or activity by a resident, any other household member, guest, or other person under resident’s control, including criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents, their guests employees or HRIP or its assigns, or in any way threatens any person at the site or the surrounding area, or any drug-related criminal activity on or near the premises.
Where the lease refers to “a guest or other person under the tenant’s control” it means that the tenant controls who has access to the premises and the tenant is responsible for their activities. See Housing Authority of New Orleans v. Green, 657 So.2d 552 (La.App. 4 Cir.1995). When Ms. Horton’s apartment was | .(inspected, it was not only secure and full of looted merchandise but also there were no visible signs of forced entry. This is more than ample evidence to suggest that someone under Ms. Horton’s control had engaged in the crime of looting. Looting is a serious offense and carries a penalty of not less than three years. See La. R.S. 14:62.5. Clearly, this is the type of criminal activity that is envisioned in Section 18(b) of the lease. Accordingly, we find nothing manifestly erroneous or clearly wrong with the trial court judgment evicting Ms. Horton from the River Garden Apartments.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Ms. Horton’s sister, Margie Horton, was also evicted from her apartment at River Garden for similar reasons. River Garden Apart *398 ments-Peggi Edwards v. Margie Horton, 2006-CA-0540.